IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Larry Gibson (N-24337), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-50281 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| ) | |
| Wexford Health Sources, Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is the Court's report and recommendation that Defendant Dr. Zahtz's request for dismissal of the amended complaint for failure to exhaust administrative remedies be denied. Any objection to this report and recommendation must be filed by November 3, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**I. Background**

Plaintiff Larry Gibson, a prisoner at Dixon Correctional Center (Dixon), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges, in relevant part, that Dr. Merrill Zahtz failed to properly treat his injuries following a fall in January 2019.[1] Dkt. 15. Specifically, Plaintiff alleges that in January 2019, he was injured after he slipped and fell on an icy walkway. The same day, Plaintiff saw a nurse in the Healthcare Unit, who notified Dixon's Medical Director, Dr. Zahtz. Plaintiff was informed that Dr. Zahtz ordered him to be held in the Healthcare Unit until the morning. However, Plaintiff was subsequently returned to his cell and was told that Dr. Zahtz did not order him to stay in the Healthcare Unit overnight. Plaintiff was informed that he would need to submit a sick call request slip to be seen again. On January 22, 2019, Plaintiff received an x-ray, which did not show any broken bones. Plaintiff was given Tylenol and Ibuprofen and was returned to his cell. However, Plaintiff continued to complain of pain and difficulty breathing. On January 31, 2019, Plaintiff was seen by Dr. Zahtz, who told Plaintiff that he was not going to do anything and that he believed Plaintiff was lying about being injured. Plaintiff subsequently filed multiple grievances about not receiving proper medical care for his injuries.

Defendant Dr. Zahtz answered the amended complaint and raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Dkt. 21. Defendant Dr. Zahtz filed a brief in support of dismissal. Dkt. 46. The Court held an

---

[1] Plaintiff has also sued Defendant Rob Jeffreys. However, Defendant Jeffreys informed the Court that he is not proceeding on his affirmative defense of failure to exhaust administrative remedies. Dkt. 53.

evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) on August 21, 2023 and September 8, 2023. At the hearings, Plaintiff's Exhibit 1 and Defendant's Exhibits 1–13 were admitted into evidence. Dkts. 46, 56. Following the hearings, Plaintiff filed a motion to dismiss Defendant's argument, asking that this Court rule in his favor on the exhaustion issue. Dkt. 57. Accordingly, the Court construes Plaintiff's motion, Dkt. 57, as a response to Defendant's request for dismissal for failure to exhaust administrative remedies. This Court, having fully considered the parties' arguments as set forth in the parties' briefs and at the hearings, directs the Clerk to terminate Plaintiff's response as a pending motion.

## II. Legal Standard

The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory, and "a court may not excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 639 (2016). "Grievances are intended to '[allow prisons] to address [issues] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)). "The exhaustion requirement's primary purpose is to 'alert[] the state' to the problem 'and invit[e] corrective action.'" *Turley v. Rednour*, 729 F. 3d 645, 649 (7th Cir. 2013) (quoting *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)).

To exhaust administrative remedies, a prisoner must "us[e] all steps that the agency holds out" and must "do[] so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Because Plaintiff is housed in an Illinois Department of Corrections (IDOC) facility, he must abide by the grievance procedures established by Illinois law, codified in 20 Ill. Admin. Code §§ 504.800, *et seq*. Under those provisions, a prisoner must submit a grievance to his institutional counselor "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). The written grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." *Id.* § 504.810(c). If the prisoner does not know the name of an individual who was involved, he may still file a grievance, but he "must include as much descriptive information about the individual as possible." *Id*.

Failure to exhaust is an affirmative defense. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). The burden, therefore, is on Defendant to prove by a preponderance of the evidence that an administrative remedy was available to Plaintiff and that Plaintiff failed to exhaust that remedy. *Id.*; *Hebron v. Baldwin*, No. 17-cv-6254, 2020 WL 757900, at *1 (N.D. Ill. Feb. 14, 2020).

2

### III. Discussion

**A. Plaintiff's Grievances**

On February 14, 2019, Plaintiff submitted a grievance for emergency review related to his fall in January 2019. Dkt. 46-2. Plaintiff marked the nature of the grievance as pertaining to "Staff Conduct" and "Medical Treatment." *Id.* In the grievance, Plaintiff states that on January 20, 2019, he slipped and fell on an icy walkway. He received some medical attention immediately after the fall from a nurse in the Healthcare Unit, but he was later returned to his cell and told to submit a sick call request slip to be seen again. Plaintiff subsequently received x-rays, Tylenol, and Ibuprofen, but he continued to complain of injuries related to his fall that remained untreated. Plaintiff stated that the decision of the "doctor/nurse" to provide easier and less effective medical treatment constituted a violation of his rights. In the "Relief Requested" portion of the grievance, Plaintiff requested an MRI and to be provided treatment within the guidelines of Wexford's healthcare policies. *Id.*

Plaintiff received a response to his grievance that stated:

Per HCUA Allen, 1.21.19 fell and treated per protocol. Seen 1-22-19 by Dr. Lark. 1.31.19 seen by Dr. Zahtz who suggested HCU housing to better manage issues. Followed up on 2-8-19 and 2-28-19. Moved to HC-3 in March when HCUA was made aware. Seen on 3-7-19 and 3-12-19.

Dkt. 46-2. Subsequently, Plaintiff submitted additional grievances on February 22, 2019 (Dkt. 46-3), April 14, 2019 (Dkt. 46-4), June 30, 2019 (Dkt. 46-5), September 5, 2019 (Dkt. 46-6), June 17, 2020 (Dkt. 46-7), July 17, 2020 (Dkt. 46-8), September 26, 2020 (Dkt. 46-9), and July 28, 2021 (Dkt. 46-10). These grievances also address Plaintiff's on-going medical issues but do not name Dr. Zahtz by name or title.

**B. Analysis**

Defendant Dr. Zahtz makes only one argument in support of his claim that Plaintiff failed to exhaust his administrative remedies as to the claim against him. Defendant argues that Plaintiff's grievances are substantively deficient because Plaintiff failed to specifically name Dr. Zahtz or reference any interactions between him and Dr. Zahtz in any of the grievances he filed relating to the medical care he received for his injuries following his fall in January 2019. The Court need only look to Plaintiff's February 14, 2019 grievance to address Defendant's argument.

Defendant acknowledges that the IDOC regulations do not categorically require Plaintiff to name a prospective defendant in his grievance when the name is unknown.[2] *See* 20 Ill. Admin. Code § 504.810(c). Grievances are not intended to provide early notice to an individual defendant of a potential lawsuit. *See Jones*, 549 U.S. at 219 ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being

---

[2] Plaintiff concedes that his February 14, 2019 grievance does not specifically identify Dr. Zahtz. At the hearing, Plaintiff credibly testified that because he did not know Dr. Zahtz's name, he referred to him as "doctor" in his grievance.

3

subjected to suit....[E]arly notice to those who might later be sued...has not been thought to be one of the leading purposes of the exhaustion requirement."). Rather, "the purpose of [§ 504.810(c)] is to put prison officials on notice of an issue at the prison; failure to include named defendants in a grievance is 'a mere technical defect' where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond." *Donald v. Varga*, No. 17 C 50368, 2019 WL 2525856, at *5 (N.D. Ill. June 19, 2019) (citing *Kyles v. Beaugard*, No. 15 C 8895, 2017 WL 4122708, at *8 (N.D. Ill. Sept. 18, 2017) (quoting *Maddox*, 655 F.3d at 722). Put another way, Plaintiff need not have named any particular defendant in his grievance so long as his grievance sufficiently "raise[d] the issue which is the subject of the lawsuit." *Id.* at *6 (citing *Maddox*, 655 F.3d at 722).

Defendant points out that Plaintiff's amended complaint describes an interaction between Plaintiff and Dr. Zahtz on January 31, 2019, where Plaintiff was dissatisfied with his medical care following his fall, yet Plaintiff fails to reference Dr. Zahtz or this interaction in his February 14, 2019 grievance. Accordingly, Defendant argues that Plaintiff's grievance does not contain any identifying information that would allow an inference that Plaintiff was complaining of Dr. Zahtz's failure to provide proper medical care. This Court disagrees.

Plaintiff's February 14, 2019 grievance "sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond." *Donald*, 2019 WL 2525856, at *5. In his grievance, Plaintiff is clearly complaining about the lack of adequate medical care for the injuries he sustained following his fall. Plaintiff identifies some of the medical care he received following his fall through the date he filed his grievance and complains that despite this treatment, the injuries he sustained from the fall remained untreated. As such, the relief Plaintiff requested in his grievance was to receive adequate medical care for those injuries.

Although Plaintiff did not name Dr. Zahtz, prison officials certainly knew that Dr. Zahtz was involved in Plaintiff's medical care following his fall. In responding to Plaintiff's grievance, prison officials specifically identified the medical treatment Plaintiff received to date, including Plaintiff's January 31, 2019 medical visit with Dr. Zahtz. This response demonstrates that Plaintiff provided enough detail in his grievance to notify prison officials that he was complaining about Dr. Zahtz's medical treatment for his injuries following his fall. *See Daval v. Zahtz*, No. 19 C 50147, 2021 WL 2072127, at *5 (N.D. Ill. May 24, 2021) (finding the plaintiff exhausted his administrative remedies where "no prison official ever told [him] that he needed to provide more detail, nor did they need him to provide more detail" because prison officials addressed his grievance "without the need for further information"); *Selvie v. Siddiqui*, 3:20-CV-00328-GCS, 2021 WL 347836, at *6 n.2 (S.D. Ill. Feb. 2, 2021) ("It is clear that prison officials understood against whom Plaintiff filed this grievance because Plaintiff's grievance counselor prepared a memorandum with information obtained from Plaintiff's medical care professionals."). This is all that was required of Plaintiff. Exhaustion under the PLRA does not require Plaintiff to put Dr. Zahtz on notice of a potential lawsuit against him. *See Jones*, 549 U.S. at 219.

Accordingly, Plaintiff's grievance adequately notified prison officials of the purported deliberate indifference of Dr. Zahtz with respect to Plaintiff's injuries following his fall, thus giving prison officials the opportunity to correct the problem before litigation commenced. *See Maddox*, 655 F.3d at 722 (finding that the plaintiff's "grievance served its function by providing

4

prison officials a fair opportunity to address his complaint"). Therefore, this Court finds that Plaintiff has exhausted his claim against Dr. Zahtz in this case.

### IV. Conclusion

For the reasons stated above, it is this Court's report and recommendation that that Defendant Dr. Zahtz's request for dismissal of the amended complaint for failure to exhaust administrative remedies be denied. Any objection to this report and recommendation must be filed by November 3, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: October 20, 2023          By:    *Lisa A. J.*
                                       Lisa A. Jensen
                                       United States Magistrate Judge