# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Larry Gibson (N-24337), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 50281 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| Wexford Health Sources, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On 10/20/23, following a *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), evidentiary hearing on Defendant Dr. Zahtz's request to dismiss the claims against him based on Plaintiff's alleged failure to exhaust administrative remedies, Magistrate Judge Lisa Jensen issued a report of her findings and a recommendation to deny Dr. Zahtz's request. [58] Dr. Zahtz filed no objections to the report and recommendation. Accordingly, this Court reviews it for clear error, and "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Having reviewed the report and recommendation and the evidence on which it is based,[1] this Court finds no clear error to overturn Magistrate Jensen's ruling [58]. The Court thus adopts her report and recommendation and denies Dr. Zahtz's request to dismiss the claims against him based on his contention that Plaintiff failed to exhaust administrative remedies sufficiently.

Date:  January 18, 2024          By: _____
                                     Iain D. Johnston
                                     United States District Judge

---

[1] Repetition of the facts relevant to the exhaustion issue is unnecessary as they are well stated in Magistrate Judge Jensen's report and recommendation. Briefly, Dr. Zahtz's failure-to-exhaust argument is based on the absence of his name in Plaintiff's grievances. However, as noted by the magistrate judge: Plaintiff referred to "doctor" in one or more of his grievances; the grievances described the inadequate medical care he allegedly was receiving; and responses to his grievances, in particular the response to his 2/14/19 grievance, indicated that his counselor or grievance officer was aware of the issues being grieved and referred to Dr. Zahtz specifically in the response. (Dkt. 58, pg. 3) (citing Dkt. 46-2, pg. 1) (copy of Plaintiff's 2/14/19 grievance and the counselor's 2/25/19 response). The Court agrees with the report and recommendation's determination that at least one of Plaintiff's grievances, if not all, "sufficiently describe[d] the alleged wrongdoing to allow prison officials a fair opportunity to respond." (Dkt. 58, pg. 4) (quoting *Donald v. Varga*, No. 17 C 50368, 2019 WL 2525856, at *5 (N.D. Ill. June 19, 2019))).